# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RANDY P. GREEN, | ) |
| Movant, | ) |
| v. | ) No. 1:09-CV-34 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Randy P. Green's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). The government filed a response in opposition. Movant did not file a traverse, and the time to do so has expired. Therefore, this matter is ready for decision. For the following reasons, movant's motion will be denied.

### *I. Background*

On January 19, 2006, movant was indicted with a co-defendant and charged with conspiracy to distribute in excess of five hundred (500) grams or more of a mixture or substance containing methamphetamine, in violation of Title 21, U.S. Code, Sections 841 (a)(1) and 841 (b)(1)(A)(viii). Movant's property was also named in a forfeiture count. Attorney Douglas S. Pribble was appointed to represent movant. Mr. Pribble filed four motions for extension of time to file pretrial motions, and on May 8, 2006, movant filed a waiver of pretrial motions.

On May 17, 2006, Mr. Pribble filed a motion to substitute counsel because he had accepted a position with the Missouri Attorney General's office. The motion was granted, and on May 18, 2006, attorney J. Christian Goeke was appointed as movant's new counsel.

On July 28, 2006, the government filed a notice of enhancement of sentence pursuant to 21 U.S.C. § 851, which was based on a 1986 state conviction for felony possession of more than thirty-five grams of marijuana. According to the Presentence Investigation Report ("PSR"), movant had three prior felony drug convictions on his record. The government did not file a notice of enhancement based on the other two convictions.

In August 2006, the parties reached a plea agreement under which movant would plead guilty to the charge against him. Movant signed a written Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"). Under the Plea Agreement the parties agreed that the base offense level should be at least 32, but that the base level should be increased by four levels under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 3B1.1(a) because movant was an organizer or leader of a criminal activity that involved five (5) or more participants. See Plea Agreement at 7. The parties also agreed that the base level should be reduced by two levels pursuant to U.S.S.G. Section 3E1.1(a) because movant demonstrated acceptance of responsibility. Id.

In the Plea Agreement the parties agreed "that the extent of relevant conduct in this matter is largely irrelevant given the mandatory minium term of twenty years imprisonment mandated under the penalty provisions of 21 U.S.C. § 841(b)(1)(A)(viii) and § 851." Id. at 9. Movant also agreed and stipulated that he had been previously convicted of a felony drug offense of possession of more than thirty-five grams of marijuana. Id. The Plea Agreement stated that "defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least twenty (20) years." Id.

With regard to cooperation, the Plea Agreement stated that movant had agreed to assist the government in its ongoing investigation, but that he had not provided substantial assistance as of the

2

date of the Plea Agreement. Id. at 6. The Plea Agreement further stated that "the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for departure under Section 5K1.1 of the Guidelines or Title 18 U.S.C. Section 3553, or both." Id. at 6.

With regard to representation, the Plea Agreement states that movant was "fully satisfied with the representation he received from his defense counsel," and that movant had "reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel." Id. at 16. The Plea Agreement provides that "defense counsel completely and satisfactorily explored all areas [movant] had requested relative to the government's case and any defenses." Id. With respect to coercion, the Plea Agreement states that "neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed." Id. at 3. In addition, the Plea Agreement states that "no person has, directly or indirectly, threatened or coerced [movant] to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty." Id. at 17.

In the Plea Agreement, movant also agreed to waive his right to file an appeal with respect to non-jurisdictional issues. Id. at 3. Movant further waived his right to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Movant and the government reserved the right to appeal all sentencing issues, "including any issues relating to the determination of the Total Offense Level, the Criminal History Category, and Career Offender Status." Id.

On August 17, 2006, movant appeared with counsel before this Court and pleaded guilty as charged. Movant took an oath to tell the truth and was asked several questions, the purpose of which

was to establish the voluntariness of his plea. Specifically, movant was asked his age, the extent of his education, whether he was under the influence of alcohol or any drug, and whether he suffered from any mental disease or defect. Hearing Transcript at 2-3. Movant gave appropriate responses to all the questions asked of time. Movant was advised of the charge and the range of punishment, including that he was subject to a statutory mandatory minimum term of twenty years. Id. at 3-4. Movant stated under oath that he understood the charge and the range of punishment. Movant was also asked whether there had been any threats or promises made in exchange for his guilty plea. Id. at 6. Movant responded that there was a letter from the prosecutor stating that if the matter went to trial, the government would file a second §851 notice of enhancement for his two other felony drug convictions, which would increase the statutory mandatory minimum to a term of imprisonment for life. Id. at 7-11. Movant was then asked if, aside from the letter, there were any other threats or promises made by anyone, and movant responded in the negative. Id. at 12. The Court accepted movant's guilty plea, the matter was set for sentencing, and a PSR was ordered.

In the PSR, prepared on November 2, 2006, movant's total offense level was determined to be 33, and his criminal history was calculated to be a category II, based upon a total of five criminal history points. See PSR at 9. The Guidelines' sentencing range was calculated to be 168 to 210 months, however, "since the statutory minimum penalty is twenty years, pursuant to section 5G1.1(b), the guideline range becomes 240 months." Id. at 12.

Movant filed pro se objections to the PRS and moved to withdraw his guilty plea. His motion was formally adopted by his attorney, Mr. Goeke. The undersigned held a sentencing hearing on November 7, 2006. At the hearing, the Court denied movant's motion to withdraw his guilty plea. The Court heard argument regarding movant's objections to the PSR, and movant's

4

objections were overruled. The Court also denied movant's request that the Court compel the government to file a substantial assistance motion on movant's behalf. After giving movant an opportunity to be heard, the undersigned sentenced movant to the mandatory minimum term of imprisonment of 240 months pursuant to Title 21, U.S.C. Section 851, followed by 10 years of supervised release.

Movant filed a timely appeal, which was submitted to the Eighth Circuit Court of Appeals on the record of the district court. United States v. Green, 261 Fed. Appx. 922 (8th Cir. 2008). Movant's counsel moved to withdraw, which was denied, and filed a brief under Anders v. California, 386 U.S. 738 (1967). Movant appealed the following issues: (1) the district court erred in denying movant's motion to withdraw his guilty plea prior to sentencing and in not compelling the government to file a downward departure motion based on movant's substantial assistance; (2) the government abused its discretion in refusing to file a Section 5K1.1. motion; and (3) he sentence was unreasonable. On February 4, 2008, the Eighth Circuit Court of Appeals affirmed the judgment of the district court. United States v. Green, 261 Fed. Appx. 922 (8th Cir. Feb. 4, 2008).

In the § 2255 motion presently before the Court, movant asserts four grounds for relief:

Ground One: Attorney Douglas S. Pribble was ineffective as counsel in that he disregarded discovery, wrongfully convinced movant to waive a suppression hearing, and failed to object to evidence which was illegally obtained by the government.

Ground Two: Attorney J. Christian Goeke was ineffective as counsel in the district court proceedings in that he failed to allow movant to make his own decisions in the case, failed to pursue a "buyer/seller relationship defense", coerced movant into pleading guilty by threatening to withdraw, abandoned movant at the sentencing hearing by not arguing for him concerning the PSR, and failed to file any motions for downward departure;

Ground Three: Attorney J. Christian Goeke was ineffective as counsel in the appellate court proceedings in that he refused to appeal the illegal search and seizure

issue, attempted to withdraw as appellate counsel, refused to consult with movant, and "effectively abandoned" movant on appeal;

Ground Four: The government engaged in prosecutorial misconduct in that it did not properly file a notice of enhancement pursuant to 21 U.S.C. § 851, did not file a downward departure motion for substantial assistance, coerced movant's guilty plea by providing him an opportunity to proffer but did not file a motion for a substantial assistance departure, and that "56 grams of mariugi [sic] only carries a 5 yr. cap in the federal system, the enhancement." See Doc. 1 at 9.

## *II. Legal Standard*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

## *III. Discussion*

**A.     Ineffective Assistance of Counsel**

In Grounds One through Three movant makes claims of ineffective assistance of counsel. "To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Strickland two-part test applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To establish ineffective assistance of counsel, under the first prong a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 68 F.3d at 241. When evaluating counsel's performance, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Even if there is sufficient proof that the first prong exits, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Id. at 697. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 747 U.S. at 59. A court may address the two prongs in any order, and if the movant

7

fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

### 1. Attorney Douglas S. Pribble.

In Ground One, movant argues that Mr. Pribble was ineffective in that he "disregarded discovery that he received"; convinced movant to waive a suppression hearing and then withdrew; and failed to pursue a suppression hearing in regard to evidence obtained through "fruit of the poison [sic] tree." Doc. 1 at 5. The government responds that these claims have been waived.

It is well-established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 266 (1973). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, as a matter of law, movant has waived his right to contest his conviction based on violations of his constitutional rights that are alleged to have occurred prior to the entry of his guilty plea.

Furthermore, as a part of his Plea Agreement, movant has waived the right to challenge the issues he raises in Ground One. The Plea Agreement states:

> In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all nonjurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and

discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea. See Plea Agreement at 3.

In the Eighth Circuit, a "knowing and voluntary waiver of direct-appeal rights is generally enforceable." DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). Furthermore, the Eighth Circuit does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." Id. Movant has waived the claims he raises in Ground One, and the Court will dismiss the claims on this basis.

But even if the Court were to address the claims on the merits, movant would not be entitled to relief. Movant does not detail what discovery Mr. Pribble allegedly disregarded, and how this discovery would have created a "reasonable probability" that he "would not have pleaded guilty and would have insisted on going to trial." Hill, 747 U.S. at 59. The Court also finds, based on the record before it, that there is no evidence movant was coerced into waiving the suppression hearing with the threat that Mr. Pribble would withdraw. As stated in the motion for substitute counsel, Mr. Pribble withdrew because he accepted a position with the Missouri Attorney General's Office, and alternate counsel was appointed the day after the motion was filed. Movant also has not established that the evidence he supposedly would have sought to exclude – cell phone information that he alleges was fruit from the poisonous tree – would indeed have been excluded had there been a suppression hearing, let alone how the exclusion of the evidence would have impacted his decision to plea or go to trial. New v. United States, 652 F.3d 949, 953 (8th Cir. 2011) ("[petitioner] has not identified any controlling legal authority that directly supported his Fourth Amendment argument, or any controlling authority that 'clearly portend[s]' that such an argument would have been successful.") (citing to Fields v. United States, 201 F.3d 1025 (8th Cir. 2000)).

In sum, the Court does not find that Mr. Pribble's performance "fell below an objective standard of reasonableness." Strickland, 68 F.3d at 241. The Court also cannot conclude movant has met the prejudice prong. Movant has not shown "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 747 U.S. at 59. No where in his motion does movant state that he would have insisted on going to trial but for Mr. Pribble's conduct, nor does the Court find he would have done so, based on the evidence before it. Movant has waived the claims he raises in Ground One, but even if they were addressed on the merits, movant is not entitled to relief because he cannot meet the Strickland two-prong test.

### 2. Attorney J. Christian Goeke during the district court proceedings

In Ground Two, movant claims that Mr. Goeke "failed to let [movant] make his own decisions concerning his own case"; failed to pursue a viable "buyer/seller relationship defense"; coerced movant to make a plea by threatening to withdraw; failed to object to the PSR at the sentencing hearing; and failed to move for a downward departure at sentencing based on factors such as age and family. The government responds that these claims have been waived or they are not supported by the record.

Movant's contention that Mr. Goeke's assistance was constitutionally ineffective because he failed to let movant make his own decision regarding the case fails for vagueness. Movant describes neither what decisions he was not allowed to make, nor how following his own decisions would have impacted his case. The Court simply cannot grant relief on such a vague contention. United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995) ("we agree with the district court that

10

his allegations of coercion are vague and conclusory and do not warrant an evidentiary hearing.") (citing to Voytik v. United States, 778 F.2d 1306, 1309-10 (8th Cir.1985)) .

In regard to movant's claim that Mr. Goeke failed to make a "buyer/seller relationship defense," the Court is uncertain as to what defense movant is referring, and how the assertion of this undefined defense might have impacted movant's decision to enter a plea of guilty. The Court cannot find movant has met the Strickland two-part test based on Mr. Goeke's alleged failure to assert an a vague and undefined defense. Id. But in any event, the Court finds plaintiff waived his defenses when he entered a plea of guilty and stipulated the facts in the Plea Agreement. United Broce, 488 U.S. at 569; Tollett, 411 U.S. at 266 (1973);

The Court also finds there is no evidence in the record to establish that Mr. Goeke coerced movant into pleading guilty by threatening to withdraw. The record unequivocally shows movant entered a guilty plea voluntarily.

First, movant stated under oath at the change of plea hearing held on November 7, 2006, that he understood the charge against him and the penalty he faced; that he was entering the plea voluntarily; and that he had not been coerced or threatened by anyone into entering a plea of guilty. Robinson, 65 F.3d at 405 ("the transcript of the [guilty plea] hearing shows beyond doubt that [petitioner]'s plea was not coerced and he was aware that he was waiving certain rights, including his right to appeal the denial of his suppression motion.")(internal quotation omitted).

Second, the Plea Agreement supports a finding that the plea was not coerced. The Plea Agreement, which movant signed, provides:

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense

counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.
See Plea Agreement at 16.

. . .

In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty...The defendant acknowledges that the defendant has voluntarily entered into both this plea and these agreements, recommendations and stipulations. The defendant further acknowledges that this guilty plea is made of the defendant's own free will because the defendant is, in fact, guilty of the conduct specified in sections four and five above.
See Plea Agreement at 17.

Third, just prior to sentencing, movant did express his dissatisfaction with Mr. Goeke by filing a motion that Mr. Goeke be disqualified. See Letter from Randy Green filed under seal on October 12, 2006. Movant did not mention in the letter to the Court, however, that Mr. Goeke had coerced movant into pleading guilty by threatening to withdraw. Furthermore, at the sentencing hearing on November 7, 2006, the Court took up the issue of movant's request to dismiss his counsel, but the movant stated that he would like to keep Mr. Goeke as his attorney, and the motion was denied. See Hearing Transcript at 8-9.

Finally, prior to the sentencing hearing movant did move to withdraw his guilty plea on other grounds. At the time, movant did not raise the issue that he was allegedly coerced into entering a plea of guilt by threats to withdraw made by his counsel, Mr. Goeke. The Court denied movant's motion to withdraw his guilty plea at the sentencing hearing, after allowing movant the opportunity to speak and assert under what grounds he was moving to withdraw his plea. The Court found movant's guilty plea was made knowing and voluntarily. The undersigned's decision was subsequently upheld by the Eighth Circuit Court of Appeals. United States v. Green, 261 Fed. Appx. 922 (8th Cir. 2008).

As for movant's contention that Mr. Goeke did not diligently represent him at the sentencing hearing, the Court does agree with movant's characterization of what occurred at the hearing. On movant's direction, Mr. Goeke made several objections to the PSR at the sentencing hearing: he objected to the finding that movant was an organizer or leader; that he was involved in a conspiracy; that he was the leader of the conspiracy; and the amount of the drugs.[1] See Hearing Transcript at 10, 15-16. These objections were overruled because movant had admitted to the conduct in the Plea Agreement. Id. at 13-15, 17. In his § 2255 motion, movant does not specify what other objections to the PSR Mr. Goeke should have made, but failed to make. On the record before it, the Court cannot find movant has met the Strickland two-part test based on Mr. Goeke's alleged failure to assert an unspecified objection to the PSR.

Movant's final grievance against Mr. Goeke during the district court proceedings is that he did not move for a downward department based on movant's age or family. Mr. Goeke did not move for any such departure, but the movant raised the issue himself at the hearing. See Hearing Transcript at 18. The Court, therefore, cannot conclude Mr. Goeke's performance was deficient for failing to raise issues before the Court that the movant raised himself. But even if the Court were to find Mr. Goeke's failure to formally move for a downward departure based on movant's age and family situation to be constitutionally deficient, there was no prejudice. Movant was subject to a statutory mandatory minium of twenty years imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii) and § 851. Even if Mr. Goeke had moved for a downward departure of sentence, the motion would have been denied. In sum, as to the claims movant raises in Ground Two, the Court cannot conclude Mr.

---

[1] Mr. Goecke also objected to paragraph 16 of the PSR, which was the downward adjustment for acceptance of responsibility. The Court overruled the objection because movant had indeed pleaded guilty and was entitled to the downward adjustment. See Hearing Transcript at 17.

13

Goeke's performance during the district court proceedings was deficient, or that movant was prejudiced by his counsel's conduct.

### 3. Attorney J. Christian Goeke during the appellate proceedings

Movant was also dissatisfied with Mr. Goeke's performance on appeal. In Ground Three, movant states Mr. Goeke was ineffective in representing him on appeal because he did not appeal the illegal search and seizure issue; attempted to withdraw as appellate counsel; and when the motion to withdraw was denied, he failed to consult with movant and effectively abandoned him. The government responds that the claims raised in Ground Three are baseless because movant waived his right to appeal suppression issues, and that the record does not reflect Mr. Goeke's appellate performance was deficient.

To establish ineffective assistance of appellate counsel, movant must show that his appellate counsel's performance was deficient, and prejudice from that deficiency. The Eighth Circuit has stated that "the deficient performance standard is rigorous" for a claim of ineffective assistance of appellate counsel. United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983). Therefore, "absent contrary evidence, 'we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.'" Brown, 528 F.3d at 1033 (quoting Roe v. Delo, 160 F.3d 416, 418 (8th Cir.1998)). Moreover, "[t]he prejudice standard is equally rigorous." Id. A movant "must show that 'the result of the proceeding would have been different' had he raised [the issue at question] on [ ] appeal.'" Id. (quoting Becht v. United States, 403 F.3d 541, 546 (8th Cir.2005)).

In regard to Mr. Goeke's alleged failure to raise an illegal search and seizure claim on appeal, as stated above, movant waived his right to appeal suppression issues when he signed the Plea Agreement and entered a plea of guilty. Not only was there a waiver in the Plea Agreement, but as a matter of law he has waived his right to contest his conviction based on a violation of his constitutional rights which is alleged to have occurred prior to the entry of his guilty plea. Broce, 488 U.S. at 569; Tollett, 411 U.S. at 266; DeRoo, 223 F.3d at 923; Winheim, 143 F.3d at 1117; Smith, 876 F.2d at 657.

As for the notion that movant was abandoned on his appeal, there is no evidence that Mr. Goeke did not vigorously pursue the appeal. Mr. Goeke perfected the appeal by timely filing a notice of appeal. He did file a motion to withdraw, but the motion was denied. He briefed the issues raised on appeal, and the Eighth Circuit addressed these issues on the merits. Based on the record before it, does not find movant's appellate counsel's performance fell below an objective standard of reasonableness. Brown, 528 F.3d at 1033.

Even assuming that movant was not consulted regarding his appeal, movant has not identified what issues Mr. Goeke did not raise in the appeal that should have been raised – that is, what issues that were not waived that should have been raised. Moreover, are no allegations as to how movant was prejudiced by the manner in which the appeal was handled. In sum, movant has not established that Mr. Goeke's appellate performance was constitutionally deficient or that he was prejudiced by Mr. Goeke's handling of his appeal.

**B.      Prosecutorial Misconduct**

In Ground Four movant faults the government for its refusal to file a downward departure motion based on movant's supposed substantial assistance. Because movant raised this issue on

appeal, he is precluded from asserting it now in his § 2255 motion. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." United States v. Shabazz, 657 F.2d 189, 190 (8th Cir.1981); see also Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992). The Court is precluded from reviewing this ground in a § 2255 motion.

The remaining claims in Ground Four are also noncognizable. Movant contends the government did not serve him with a hard-copy of the notice of the § 851 enhancement prior to his guilty plea, and he did not receive a 30-day notice of the enhancement. By entering a plea of guilty, movant has waived the right to contest these issues as a matter of law. Broce, 488 U.S. at 569; Tollett, 411 U.S. at 266; DeRoo, 223 F.3d at 923; Winheim, 143 F.3d at 1117; Smith, 876 F.2d at 657. What is more, movant stipulated to the conduct upon which the § 851 enhancement was based in the Plea Agreement:

> [Movant] agrees and stipulates as a matter of the factual basis herein that he was previously convicted on April 10, 1987 of the felony drug offense of possession of more than thirty-five grams of marijuana in the Circuit Court of Scott County Missouri, cause number CR 586-691FX and sentenced to a term of incarceration of three years in the Missouri Department of Corrections as set out in the Notice of Enhancement pursuant to 21 U.S.C. § 851 filed previously herein.

See Plea Agreement at 12.

Movant was also on notice from the Plea Agreement that due to his prior felony conviction there was a mandatory minimum twenty-year sentence.

> Pursuant to the notice of the Government's intention to rely upon a prior conviction filed herein pursuant to 21 U.S.C. § 851, the defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least twenty (20) years. Id. at 9.

In Ground Four movant also claims that the government coerced him into signing the plea agreement "by offering a debriefing after signing of plea, then turning down a 3553(e) motion." See Doc. 1 at 9. As discussed above, there is no evidence whatsoever that movant was coerced into

signing the Plea Agreement. He stated under oath that he understood the nature of the charge and the range of punishment and there were no threats or promises made. As the Plea Agreement made clear, it remained within the prosecutor's sole discretion to determine whether movant had provided substantial assistance such that a motion for a downward departure was warranted and filed. Movant has previously raised these issues, or variations of them. At the sentencing hearing, the Court found the government did not abuse its discretion by refusing to file a downward-departure motion based on substantial assistance. The Court also found movant's plea was made knowing and voluntarily, and there was no lawful reason to withdraw the plea. The undersigned's findings were affirmed by the Court of Appeals, and movant is not entitled to another bite of the apple as to these issues in his motion to vacate. Dall, 957 F.2d at 572; Shabazz, 657 F.2d at 190.

Finally, movant alleges in Ground Four that a marijuana charge of 56 grams "only carries a five-year cap in the federal system, the enhancement." See Doc. 1 at 9. The Court is uncertain what is the nature of this claim, and it will be denied for vagueness. Robinson, 64 F.3d at 405; Voytik, 778 F.2d at 1309-10. To the extent movant is arguing that somehow his sentence is unconstitutional or unlawful, it is not a cognizable claim because it could have been raised on appeal, and movant has not shown "cause" to lift the procedural bar. See United States v. Frady, 456 U.S.152, 168 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998).

### *IV. Conclusion*

In his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, movant has failed to raise a meritorious and cognizable claim. In Grounds One through Three, movant has raised claims of ineffective assistance of counsel. These claims are without merit because they have

17

been waived, they are vague, or movant has not shown his counsel's performance was constitutionally defective and that he suffered prejudice. The claims in Ground Four of prosecutorial misconduct are noncognizable. The claims were waived, or they are procedurally barred because the issues were raised on appeal or they could have been raised on appeal. Moreover, the Court finds they are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that movant Randy P. Green's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.**

**IT IS FURTHER ORDERED** that movant Randy P. Green has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

                                            /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __7th__ day of March, 2012.